UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **NADEZDA MANUILOVA,** an individual, <br><br> Plaintiff, <br><br> vs. <br><br> **THOMAS KNIGHT,** as Sheriff for Sarasota County Sheriff's Office**,** and **LENESHA TWENTY**, an individual. <br><br> Defendant(s). | Case No.: 8:23-cv-992 <br><br> **COMPLAINT FOR FALSE ARREST/IMPRISONMENT, MALICIOUS PROSECUTION, ASSAULT AND BATTERY AND VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983 AND DEMAND FOR JURY TRIAL** |

**COMES NOW, PLAINTIFF, NADEZDA MANUILOVA**, by and through the undersigned attorney, and hereby sues **DEFENDANTS**, **THOMAS KNIGHT,** as Sheriff for Sarasota County Sheriff's Office and **LENESHA TWENTY,** individually and in support states:

**PARTIES**

1. The Plaintiff, **NADEZDA MANUILOVA**, (hereinafter "Plaintiff"), was at all times mentioned, over the age of 18; sui juris; a citizen of the United States; and a resident of Sarasota County, Florida.

2. The Defendant, **THOMAS KNIGHT**, was at all times mentioned, and still is the duly elected Sheriff of, and a resident of Sarasota County, Florida, a political subdivision of the State of Florida (hereinafter "Sarasota County Sheriff's Office").

3. The Defendant, **LENESHA TWENTY**, (hereinafter "Dep. Twenty") was at all times mentioned, employed by the Sarasota County Sheriff's Office as a Deputy; is a resident of

Page 1 of 8

Sarasota County, Florida; and all times mentioned herein was acting within the scope of her employment and under the color of law, and otherwise sui juris.

## JURISDICTION AND VENUE

4. This is a civil action arising out of the wrongful arrest and detention of the Plaintiff and asserting causes of action against Defendants for violations of Plaintiff's civil rights under the United States Constitution, specifically the Fourth and Fourteenth Amendments thereto; violations of 42 U.S.C. §§ 1983, 1988; and violations of Florida Statutes and common law.

5. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiff's § 1983 claim.

6. This Court has supplemental jurisdiction over Plaintiff's state claims under 28 U.S.C. § 1367 because these claims are so related to Plaintiff's § 1983 claims that they form part of the same case or controversy.

7. On May 17, 2022, Plaintiff provided notice of his claims pursuant to § 768.28, Florida Statutes, to Sarasota Sheriff's Office, Sarasota County Attorney, and the Florida Department of Financial Services. More than 6 months have passed without any response or attempt to resolve the claim and after attempts to resolve has been denied. A true and correct copy being attached hereto as Ex. A.

## GENERAL ALLEGATIONS

8. On or about May 16, 2019, Dep. Twenty responded to a call from Mr. Claude Garsin, the Plaintiff's husband. When Dep. Twenty arrived Mr. Garsin informed her that Plaintiff was holding his keys and would not return them and requested that she retrieve them from her as that is the reason for his call. Dep. Twenty then approached the Plaintiff to ask her what was

going on, and began interrogating the Plaintiff, who has limited English skills, her first language being Russian. After which the Plaintiff was informed that she was under arrest, and placed in handcuffs, and taken to Sarasota County Jail, where she remained until being released the following afternoon. As Plaintiff was being arrested, her husband tried to intervene, and told Dep. Twenty that Plaintiff did not hit or strike him, but Dep. Twenty would not listen. Neither the Plaintiff's husband nor the Plaintiff's daughter made any statements that the Plaintiff struck anyone as falsely alleged in the probable cause affidavit.

9. Notwithstanding the above, Sarasota County Sheriff's Office, by and through Dep. Twenty ("Dep. Twenty") et. al., willfully, recklessly and without probable cause, did charge and arrest claimant for the crime of Battery §784.03 (1A1)) Fla. Stat. The Sarasota County Sheriff's Office sought prosecution, which was resolved in favor of the Plaintiff. A true and correct copy of Order of Expungement is attached hereto as Ex. "B".

10. The Plaintiff has performed all conditions precedent, or they have otherwise occurred or been waived.

## COUNT I – FALSE ARREST/IMPRISONMENT

11. The Plaintiff hereby incorporates and realleges allegations 1 through 10 as if fully set forth herein.

12. That on or about May 16, 2019 the Defendants did wrongfully and falsely accuse the Plaintiff of Battery §784.03 (1A1)) Fla. Stat.and wrongfully and falsely arrested, imprisoned and detained the Plaintiff.

13. That the arrest and imprisonment of the Plaintiff by Defendants, their agents, servants and employees was without any reasonable cause or belief, and or probable cause to believe that the Plaintiff was in fact guilty of the crime.

14. That the Defendants, their agents, servants and employees acting within the scope of their authority and within the scope of their employment, detained and imprisoned the plaintiff even though the defendants, their agents, servants and employees, had the opportunity to know or should have known, that the plaintiff was wholly innocent of the criminal charges and was forced by the defendants to submit to the aforesaid arrest and imprisonment thereto entirely against her will.

15. That as the direct and proximate cause of Defendants acts and omissions, the Plaintiff has suffered actual, pecuniary, incidental/consequential damages, including but not limited to physical injury, pain, suffering, emotional distress, and harm to her reputation in the community.

**WHEREFORE**, **PLAINTIFF**, by and through the undersigned counsel demands judgment against Defendants for actual/compensatory damages and costs and any further relief this Court deems just and proper.

## COUNT II – MALICIOUS PROSECUTION

16. The Plaintiff hereby incorporates and realleges allegations 1 through 10 as if fully set forth herein.

17. That the Defendants, their agents and employees commenced criminal prosecution of the Plaintiff, notwithstanding no probable cause existed to support the charges upon which prosecution was based.

18. That the Defendants were the legal cause of the original criminal proceeding against the Plaintiff.

19. That the termination of the criminal proceeding of the Plaintiff was bona fide termination of the criminal proceeding in favor of the Plaintiff.

20. That the actions of the Defendants was with malice.

21. That as the direct and proximate cause of Defendants acts and omissions, the Plaintiff has suffered actual, pecuniary, incidental/consequential damages, including but not limited to physical injury, pain, suffering, emotional distress, and harm to his reputation in the community.

**WHEREFORE**, **PLAINTIFF**, by and through the undersigned counsel demands judgment against Defendants for actual, incidental/consequential, damages, and costs and any further relief this Court deems just and proper.

## COUNT III – ASSAULT AND BATTERY

22. The Plaintiff hereby incorporates and realleges allegations 1 through 10 as if fully set forth herein.

23. That on or about May 16, 2019 the Defendants without just cause or provocation and with great force and violence, violently seized, assaulted and laid hold of the Plaintiff, including but not limited to intentionally, forcefully and fiercely grabbing a hold of the Plaintiff by her arms and causing handcuffs to be tightly placed upon the wrists of the Plaintiff.

24. That the Defendants, their agents, servants and employees, acting within the scope of their employment, intentionally assaulted and battered Plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally

did a violent and/or menacing act which threatened such contact upon Mr. Kelly, and that said act(s) caused apprehension of such contact in the plaintiff, and Defendants, in a hostile and/or offensive manner touched the Plaintiff, without his consent and with the intention of causing harmful and/or offensive bodily contact to the Plaintiff and caused such battery in and about his head, neck, back, body and limbs.

25. That as the direct and proximate cause of Defendants acts and omissions, the Plaintiff has suffered actual, pecuniary, incidental/consequential damages, including but not limited to physical injury, pain, suffering, emotional distress, and harm to her reputation in the community.

**WHEREFORE**, **PLAINTIFF**, by and through the undersigned counsel demands judgment against Defendants for actual, incidental/consequential, damages, and costs and any further equitable relief this Court deems just and proper.

### COUNT IV – CIVIL RIGHTS ACTION UNDER 42 U.S.C. 1983

26. The Plaintiff hereby incorporates and realleges allegations 1 through 10, 12-13, 20 and 21 as if fully set forth herein.

27. That the Plaintiff hereby sues the Defendants for the deprivation of Plaintiff's Fourth and Fourteenth Amendment rights in violation of 42 U.S.C. § 1983.

28. At all times material hereto, Defendants were acting under the color of state law and pursuant to policy, custom and/or usage of the Sarasota County Sheriff's Office

29. Defendants, through the various acts and omissions discussed above, deprived the Plaintiff of her rights, privileges and immunities secured by the Fourth Amendment of the Constitution of the United States including, but not limited to, the right to be free from

unreasonable seizures, unlawful use of force, false imprisonment, false arrest and false accusations of criminal conduct.

30. Defendants, through the various acts and omissions discussed above, deprived the Plaintiff of his rights, privileges and immunities secured by the Fourteenth Amendment of the Constitution of the United States including, but not limited to, the right to liberty, the right to substantive and procedural due process, the right to be free from unlawful detention and imprisonment, the right to be free from unlawful seizure, and those fundamental rights of due process, liberty and life as guaranteed by the Constitution of the United States.

31. That as the direct and proximate cause of Defendants acts and omissions, the Plaintiff has suffered actual, pecuniary, incidental/consequential damages, including but not limited to physical injury, pain, suffering, emotional distress, and harm to her reputation in the community.

32. The Plaintiff is obligated to pay the undersigned attorney his reasonable fees, and the Defendant is liable for same pursuant to 42 U.S.C. § 1988, and for all other damages allowable pursuant to 42 U.S.C. § 1983.

**WHEREFORE**, **PLAINTIFFS**, by and through the undersigned counsel demands judgment against Defendants for actual and compensatory damages and attorneys' fees pursuant to 42. U.S.C. § 1988, and any further equitable relief this Court deems just and proper.

*PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE*

Dated this Friday, May 5, 2023.

*/s/Michael T. Robertson*
Michael T. Robertson, Esq.
FBN:0157392
Law Office of Michael T. Robertson, Esq.
2201 Ringling Blvd. Ste. 205
Sarasota, Florida 34237
PH: (941) 365-7220
Email: MTRobertson@lomtr.com
Attorney for: *Plaintiff*